UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

Michael Norton,  Case No. 24-31922
 Chapter 7
 Debtor, Hon. Joel D. Applebaum

_____/

Lena White,

 Plaintiff,
v.  Adv. Proc. No. 25-3002

Michael Norton,

 Defendant,
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

The matter before the Court is Defendant's motion to dismiss on the grounds that Plaintiff's complaint fails to state a claim for which relief can be granted. For the following reasons, this Court GRANTS Defendant's Motion to Dismiss.

I.

FACTUAL BACKGROUND

Sometime in 2021, Plaintiff Lena White ("White") lent her son, debtor/defendant Michael Norton ("Norton"), $9,647.50 to purchase a car. Norton orally agreed to repay the loan and, in December 2021, signed a contract agreeing to repay the loan in twenty-seven monthly installments of $360. Norton then paid White $360.00 in January, February, and March 2022. Subsequently, Norton lost his job and stopped making payments to White. Norton was re-employed in June 2022 and made payments to White of $180 and $700 in July and August 2022, respectively. White did not receive any further payments from Norton. White then sued Norton in state court and obtained a judgment which she then used to garnish Norton's wages. The wage garnishment led Norton to file bankruptcy on October 9, 2024.

On January 6, 2025, White wrote a letter to the Court alleging that Norton fraudulently obtained the loan from her. The Court construed this letter as an adversary complaint against Norton seeking to declare her claim non-dischargeable under §523(a)(2)(A).

On January 7, 2025, the Court entered the Final Decree closing Norton's chapter 7 case without a discharge because he failed to file his Financial Management Course Certificate, a prerequisite to obtaining a discharge.

On January 9, 2025, the Court entered an Order Reopening Case and Setting Aside the Final Decree. The Court determined that the Final Decree had been entered prematurely because the Clerk of the Court had in its possession White's letter referenced above, and which had not yet been docketed.[1] For this reason, the Court set aside the Final Decree entered on January 7, 2025, the case was reopened, and Adversary Proceeding 25-3002 was docketed. In Adversary Proceeding 25-3002, White explains why she thought her son committed fraud when he borrowed $9,647.50 from her and failed to repay it. White also requested a waiver of the filing fee for the adversary complaint due to her precarious financial circumstances.

On January 21, 2025, Norton filed his Financial Management Course Certificate.

On February 14, 2025, Norton wrote a letter to the Court disputing the allegations set forth in White's letter/complaint which this Court has construed as an answer to White's Complaint.

Subsequently, on April 9, 2025, Norton sent a letter asking this Court to dismiss White's Complaint for failure to state a claim.

On May 8, 2025, White responded to Norton's April 9th letter, reasserting that he fraudulently obtained the loan from her.

---

[1] This letter was erroneously docketed twice, both as adversary case 25-3002 and 25-3003. Upon learning of this duplication, the Court closed adversary case 25-3003.

A hearing on Norton's Motion to Dismiss was set for hearing on June 11, 2025.

II.

JURISDICTION

This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(L) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(a) and the statutory and constitutional authority to enter a final order. *Stern v. Marshall*, 564 U.S. 462 (2011).

III.

STANDARD FOR MOTION TO DISMISS

A motion under Fed. R. Civ. P. 12(b)(6), incorporated into adversary proceedings by Fed. R. Bankr. P. 7012(b), challenges the legal theory of the complaint, not the sufficiency of any evidence which may be discovered. *In re Collins*, 456 BR 284, 289 (6TH Cir. BAP 2011) *citing Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993). "The purpose of the rule is to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail[.]" *Id. (citing Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989)). A complaint survives a Rule 12(b)(6) motion if the "[f]actual allegations [are] enough to raise a right to relief above the speculation

4

level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)...." *Id.* citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). A complaint need only provide enough facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In the face of a Rule 12(b)(6) motion, a complaint must be construed in the light most favorable to the plaintiff, the allegations of the complaint must be accepted as true, and all reasonable inferences must be drawn in favor of the plaintiff. *Travel Agent Comm'n Antitrust Litig.,* 583 F.3d 896, 903 (6th Cir. 2009). "[T]o survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

IV.

ANALYSIS

**A. Failure to Pay the Filing Fee**

White requests that the Court waive the $350 filing fee associated with the filing of this adversary proceeding, explaining that she is in dire financial circumstances and unable to afford it. The filing fee for an adversary proceeding can only be waived in very limited situations: (1) when the trustee or debtor-in-possession is the plaintiff; (2) when the debtor is filing as the plaintiff; and (3) if the adversary

proceeding involves a child support-related matter. And while this Court is extremely sympathetic to White's financial circumstances, none of these exceptions apply here and, consequently, this Court is unable to waive the filing fee for this adversary proceeding. As discussed below, however, even if the Court were able to waive the filing fee, the outcome in this case would not be different.

### B. Motion to Dismiss for Failure to State a Claim for the Non-Dischargeability of a Debt under 11 U.S.C. § 523(a)(A)

While White's "Complaint" does not state any statutory basis for a finding of non-dischargeability of Norton's debt, the facts as described by her lead this Court to conclude that she is seeking non-dischargeability under § 523(a)(2)(A). That section excepts from discharge any debt "for money, property, [or] services . . . to the extent obtained by false pretenses, a false representation, or actual fraud. . . ." 11 U.S.C. § 523(a)(2)(A). The purpose of this section is "to assist in implementing one of the fundamental pillars of bankruptcy jurisprudence: that bankruptcy relief should only be accorded to the honest, but unfortunate debtor." *In re Brumbaugh*, 383 B.R. 907, 912 (Bankr. N.D. Ohio 2007); *XL/Datacomp, Inc. v. Wilson (In re Omegas Group, Inc.)*, 16 F.3d 1443, 1451 (6th Cir. 1994). To prevail on a claim under this section, a plaintiff must show that:

> (1) [T]he debtor obtained money through a material misrepresentation that at the time the debtor knew was false or that he made with reckless

disregard for the truth; (2) the debtor intended to deceive; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss.

*Rembert v. AT&T Universal Card Services, Inc. (In re Rembert)*, 141 F.3d 277, 280 (6th Cir. 1998). *See also*, *Digital Commerce Ltd. v. Sullivan (In re Sullivan)*, 305 B.R. 809, 823 (W.D. Mich. 2004). With respect to § 523(a)(2)(A), the burden is on White as the creditor to establish each element of her claim by a preponderance of the evidence. *Rembert*, 141 F.3d at 281.

The first element of § 523(a)(2)(A) for establishing non-dischargeability requires that a debtor made false statements to obtain funds or services which he knew were false *at the time he made the statements*. *Rembert*, 141 F.3d at 281 Fraudulent intent cannot be implied simply based on the debtor's inability to repay the debt; there must be evidence that, *at the time the debt was incurred*, the debtor *never* intended to repay it. *Id*.

In this case, Norton told White that he would repay the debt and Norton did, in fact, make multiple payments on the debt. He paid White $360.00 in January, February, and March 2022. He then lost his job and was not re-employed until June 2022. After his re-employment, Norton resumed making payments, paying White $180 in July 2022 and $700 in August 2022. This series of payments evidence that Norton *did* intend to repay White when he took the loan and, in fact, he did so at least five times paying just over 20% of the loan balance. Because White cannot

7

satisfy an essential element of § 523(a)(2)(A) which requires a finding that Norton obtained the loan while never intending to repay it, Norton's Motion to Dismiss must be granted and this adversary proceeding dismissed.

## ORDER

For the above stated reasons,

IT IS HEREBY ORDERED that Plaintiff Lena White's request for a fee waiver is DENIED;

IT IS FURTHER ORDERED that Debtor/Defendant Michael Norton's Motion to Dismiss is GRANTED and this adversary proceeding is DISMISSED.

**Signed on June 13, 2025**

/s/ Joel D. Applebaum
**Joel D. Applebaum**
**United States Bankruptcy Judge**